IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 16, 2008 Session

# LATOYA KEATON v. WAL-MART STORES EAST, L.P., and DOYLE RAY ATKINS

**Direct Appeal from the Circuit Court for Claiborne County**
**No. 9635      Hon. John McAfee, Circuit Judge**

---

**No. E2008-00118-COA-R3-CV - Filed January 2, 2009**

---

Plaintiff alleged that she was robbed at knife-point on Wal-Mart's parking lot, and Wal-Mart was negligent in failing to provide security to protect her from the robbery. Wal-Mart filed a Motion for Summary Judgment and the Trial Judge ruled due to the paucity of crimes in the parking lot, Wal-Mart owed no duty to the plaintiff to provide security where the crime allegedly occurred. Plaintiff has appealed and we affirm the Judgment of the Trial Court.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Christopher D. Brown and P. Richard Talley, Dandridge, Tennessee, for appellant.

Steven H. Trent and Chad E. Wallace, Johnson City, Tennessee, for appellee, Wal-Mart Stores East, L.P.

**OPINION**

Plaintiff brought this action against Wal-Mart Stores East and Doyle Ray Atkins, alleging that on January 3, 2006, she was robbed at knife point by Atkins in the parking lot of the Wal-Mart in Tazewell, and that Wal-Mart was negligent in failing to provide adequate lighting and security for its patrons using the parking lot. Wal-Mart Answered, denying all liability, and then filed a Motion for Summary Judgment, asserting that it did not owe plaintiff a duty of care, because the

robbery was not foreseeable. Wal-Mart attached a Statement of Undisputed Material Facts, stating there were no other robberies in the Wal-Mart parking lot in the previous two years, and there were only two assaults in the parking lot in the prior two years, and only eight total incidents in the parking lot during that time, including thefts, a vandalism, and a case of indecent exposure. Police records were attached for that period.

Plaintiff's Response admitted that while there were no prior robberies in the parking lot during that time period, there were 664 calls in the immediate vicinity. The Trial Court granted Wal-Mart Summary Judgment, and plaintiff has appealed.

The issue presented on appeal is that the Trial Court erred in finding Wal-Mart did not owe a duty of care to customers as outlined.

Plaintiff argues the Trial Court erred as to its conclusion as to duty owed, when there was evidence of significant criminal activity in the area that would render this robbery foreseeable. Plaintiff asserts that the police records show there had been 664 police calls in the last two years preceding the incident, which includes calls from a trailer park and the overall area.

Both parties agree that to establish a claim for negligence, plaintiff must show 1) Wal-Mart owed her a duty of care, 2) Wal-Mart breached that duty by actions falling below the standard of care, 3) that she suffered an injury/loss, 4) cause in fact, and 5) proximate/legal cause. *McClung v. Delta Square Ltd. P'ship*, 937 S.W.2d 891 (Tenn. 1996). To demonstrate that Wal-Mart owed her a duty of care to protect her from the criminal acts of third parties, plaintiff was required to show that Wal-Mart knew or had reason to know, "either from what has been or should have been observed from past experience, that criminal acts against the customers on its premises are reasonably foreseeable". *Id.* at 902. The Supreme Court further stated:

> In determining the duty that exists, the foreseeability of harm and the gravity of harm must be balanced against the commensurate burden imposed on the business to protect against that harm. In cases in which there is a high degree of foreseeability of harm and the probable harm is great, the burden imposed upon defendant may be substantial. Alternatively, in cases in which a lesser degree of foreseeability is present or the potential harm is slight, less onerous burdens may be imposed. . . . The degree of foreseeability needed to establish a duty of reasonable care is, therefore, determined by considering both the magnitude of the burden to defendant in complying with the duty and magnitude of the foreseeable harm.

*Id.*

Our Supreme Court has stated that to show that criminal acts by third parties are reasonably foreseeable, the proof "will almost always require that prior instances of crime have occurred on or in the immediate vicinity of the defendant's premises. Courts must consider the location, nature, and extent of previous criminal activities and their similarity, proximity, or other

relationship to the crime giving rise to the cause of action. To hold otherwise would impose an undue burden upon merchants." *Id.* In the *McClung* case, the plaintiff's decedent was abducted from a Wal-Mart parking lot in the Delta Square Shopping Center in Memphis, and was later raped and killed by her abductor. *Id.* The Court held that this incident was foreseeable, because there were 164 incidents of crime in or near the defendant's parking lot in the prior 17 months, including:

> a bomb threat, fourteen burglaries, twelve reports of malicious mischief, ten robberies, thirty-six auto thefts, ninety larcenies, and one attempted kidnaping on a parking lot adjacent to defendants' parking lot. All of these crimes occurred on or in the immediate vicinity of defendants' parking lot, took place within a relatively short period of time prior to the abduction of plaintiff's wife, and involved a significant threat of personal harm. The record also establishes that defendants' premises was located in a high crime area, and that other nearby major retail centers utilized security measures to protect customers. The manager of the Wal-Mart store at the time of the abduction testified that he would not hold "sidewalk sales" or place merchandise outside the store, except for "dirt," out of fear it would be stolen.

*Id.* at 904. The Court thus concluded that based on the evidence, summary judgment was not warranted.

In another case where a patron was abducted from a mall parking lot, the court held that summary judgment for the defendant was inappropriate because there had been 286 criminal incidents at the mall in the preceding 14 months, and also because the patron had alerted security personnel that she was being stalked. *Staples v. CBL & Associates, Inc.,* 15 S.W.3d 83 (Tenn. 2000). The Supreme Court went on to explain:

> While this factor is in no way exclusive in determining the existence of duty, prior criminal acts will inevitably factor into the balancing approach applied by courts. We reiterate this point to emphasize that while the number of prior criminal incidents at Hamilton Place Mall is significant in determining the existence of a duty, it is only one factor to be weighed by courts and does not by itself establish a duty.

*Id.* at 91.

In this case, the Trial Court did not consider criminal records from a trailer park which plaintiff claimed to be in the "immediate vicinity" of Wal-Mart. Higher courts have not defined what constitutes "immediate vicinity", but rather have stated that this is best determined by the trial court "in consideration of the circumstances of each case." *Patterson-Khoury v. Wilson World Hotel-Cherry Road, Inc.*, 139 S.W.3d 281 (Tenn. Ct. App. 2003).

In the *Patterson-Khoury* case, the court limited evidence of prior criminal activity to the defendant hotel's parking lot and the parking lot of the hotel next door, and refused to hear evidence of criminal activity at a nearby mall. *Id.* We held that this was not an abuse of discretion,

because the best evidence of criminal activity was on the property itself, and that the trial court had discretion regarding whether it would consider other areas. *Id.*

In this case, there is no evidence of the proximity of the trailer park which plaintiff characterizes as "immediately adjacent" to the Wal-Mart or the distance between the two, except for an aerial photo that shows the store and surrounding property. The Trial Judge concluded that the trailer park in question was not visible from the Wal-Mart parking lot, and that the trailer park was "some distance" away. We conclude that the Trial Court did not abuse its discretion in determining that the trailer park was not in the "immediate vicinity" of the Wal-Mart parking lot. Moreover, the trailer park is a distinctly different operation from a retail market.

Absent some showing that the Trial Court abused its discretion in refusing to consider the trailer park activity, the only relevant evidence regarding foreseeability is the criminal activity in the Wal-Mart parking lot itself, which evidence is undisputed that there were two simple assaults, three reports of theft from a vehicle, one report of indecent exposure, one report of theft inside the store, and one report of vandalism. Based upon the above precedent, this evidence does not rise to the level of prior criminal activity necessary to establish that this incident involving the plaintiff was foreseeable.

We affirm the Judgment of the Trial Court and remand with the cost of the appeal assessed to plaintiff, Latoya Keaton.

_____
HERSCHEL PICKENS FRANKS, P.J.